# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

STEVEN MELTON KIVETT

**CRIMINAL COMPLAINT**

CASE NUMBER: $00 - 4178 - SNOW$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about July 15, 2000, to on or about July 16, 2000, in Broward county, in the Southern District of Florida the defendant, knowing that a person was an alien, did attempt to bring said alien into the United States at a place other than a designated port of entry, in violation of 8 U.S.C. Section 1324(a)(1)(A)(i)

I further state that I am a Special Agent and that this complaint is based on the following facts:

See Attached Affidavit.

Signature of Complainant
Special Agent Francisco Meneses
US Immigration and Naturalization Service

Sworn to before me, and subscribed in my presence,

July 18, 2000
Date

Fort Lauderdale, Florida
City and State

Magistrate Judge Lurana S. Snow
Name and Title of Judicial Officer

Signature of Judicial Officer

AFFIDAVIT

I, Francisco Meneses, Special Agent, United States Immigration and Naturalization Service, being duly sworn, depose and state:

1. I am a Special Agent of the United States Immigration and Naturalization Service (hereinafter referred to as INS) and have been employed with INS for 13 years and for the past six months I have been assigned to the Anti-Smuggling unit. The facts in this affidavit are based upon my own personal knowledge as well as information provided to me by other law enforcement officers and others involved in the investigation.

2. On July 16, 2000, a 27 foot Hunter sailboat, Ohio registration OH1548YB, was intercepted and boarded 20 nautical miles southwest off the coast of Freeport, Bahamas. The boat contained ten individuals. The captain of the boat was Steven Kivett. The Coast Guard officers asked Kivett for the purpose of the voyage. Kivett stated that he had left Freeport, Bahamas the evening of July 15, 2000. He claimed that he was taking his passengers to Lighthouse Point, Florida. Kivett claimed that the purpose of the trip was to bring the nine other individuals to the United States for a shopping trip at a local flea market. He stated that the nine people had paid him $100 each to take them from Freeport to the United States for the shopping trip and to see some relatives. Kivett stated that all nine individuals were Bahamians and had the necessary identification documents to enter the United States. As the officers were speaking to Kivett some of

the passengers were overheard speaking French. Kivett was asked how he communicated with them, and he stated that one of them, Michael Joseph, spoke English and communicated for the group.

3. The other nine individuals were subsequently interviewed and each one was a Haitian citizen. None of the nine individuals had any documentation allowing them to legally enter the United States. Upon being interviewed by a Creole interpreter, Michael Joseph denied that he spoke English. Further, the vessel had 12 life preservers, which was an unusually large number of life preservers for a boat of its size. Some of the life preservers appeared to be new and were still in their original packages. Also, Lighthouse Point, Florida is not a designated port of entry.

4 Based upon the foregoing, there is probable cause to believe that the Steven Kivett, knowing that a person was an alien, attempted bring an alien to the United States, at a place other than a designated port of entry.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

FRANCISCO MENESES, SPECIAL AGENT
U.S. IMMIGRATION AND NATURALIZATION

Sworn and subscribed to before
me this 18th day of July 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE