

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4178-SNOW

UNITED STATES OF AMERICA,

vs.

STEVEN MELTON KIVETT,

Defendant.
_____/

## DETENTION ORDER

Pursuant to Title 18 U.S.C. § 3142(f), on July 24, 2000, a hearing was held to determine whether the defendant, **Steven Melton Kivett**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably ensure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant, **Steven Melton Kivett**, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.     The defendant is charged with alien smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(i). Therefore, the defendant is charged with neither a crime of violence nor a crime involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.     The Court received credible evidence that the defendant committed the



offense with which he has been charged. On or about July 15, 2000, the United States Coast Guard boarded a 27 foot sailboat twenty miles southwest of Freeport, Bahamas. The boat contained ten individuals. The captain of the boat, **Steven Kivett**, told Coast Guard officers that he had departed Freeport on July 15 to take his passengers to Lighthouse Point[1] for a shopping trip to a local flea market. He stated that the nine passengers had paid him $100 each and that all nine were Bahamians with the necessary identification documents to enter the United States. As the officers were speaking to **Kivett**, however, they overheard some of the passengers speaking French. They asked **Kivett** how he communicated with the passengers, and he replied that one of them, Michael Joseph, spoke English and communicated for the group.

The nine passengers were subsequently interviewed. Each was a Haitian citizen, and none had any documentation allowing them to legally enter the United States. They claimed that they had been at sea for fifteen days and had been picked up by **Kivett**; however, they did not have the appearance of individuals who had been at sea for fifteen days. Upon being interviewed by a Creole interpreter, Michael Joseph denied that he spoke English. Further, the officers observed that the vessel had twelve life preservers, an unusually large number of preservers for a boat of its size. Some of the life preservers appeared to be new and were still in their original packages.

At the hearing, the prosecutor informed the Court that the Coast Guard received a telephone call from an individual to report that she had a Haitian relative for whose safety she was concerned. She reported that she had paid $3,500 in the Bahamas to bring her

---

[1] Lighthouse Point, Florida is not a designated port of entry.

2

relative to the United States. She added that the captain of the vessel was named "Steve." This conversation was audio recorded. 18 U.S.C. § 3142(g)(2).

3.    The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States citizen who was born in North Carolina. His parents, brother, and son all reside in North Carolina. He was released from prison in March 1999 and recently was living aboard a sailboat in Lighthouse Point. He claims that he is self-employed as an electrician earning approximately $800 per week.

The Pretrial Services Report reflects that the defendant has been charged with the following offenses: fugitive from justice (1967); escape (1972); forgery/uttering bad check (1972); homicide-wilful kill/use of firearm in commission of felony/obstruction (1987); and fugitive from justice (1992). In addition, the Report reflects that he has been convicted of the following offenses: forgery/uttering bad checks (1973); and homicide (defendant maintains conviction was for "manslaughter")/use of firearm in commission of a felony/obstruction (1992). According to counsel, the defendant became a fugitive while his homicide conviction was on appeal. He was subsequently apprehended in North Carolina and returned to Florida to serve his sentence.

Given the defendant's lack of substantial and stable emotional and financial ties to the Southern District of Florida, his prior fugitive status on his homicide conviction, and his alleged use of a boat to smuggle aliens through international waters, the undersigned does not believe that he would be likely to appear if released on bond prior to trial.    18 U.S.C. § 3142(g)(3)(A) and (B)

4.    The Government did not argue, and, accordingly, this Court does not find that

3

the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5.    The Court specifically finds that there is no condition or combination of conditions of release that reasonably will ensure the defendant's appearance as required. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a risk of flight if released on bond prior to trial. The Court hereby directs:

1.    That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2.    That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.    That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this $\overline{25}^{th}$ day of July 2000.

BARRY S. SELTZER
United States Magistrate Judge

4

Copies to:

Clayton R. Kaeiser, Esquire
28 West Flagler Street, Suite 301
Miami, Florida 33130-1895
Attorney for Defendant

Jeff Kaplan, Esquire
United States Attorney's Office

United States Marshal

United States Pretrial Services